**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GARY A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.1:15-cv-01026-TWP-DML |
| | ) | |
| DR. POLAR, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Unopposed Motion for Summary Judgment**
**and Directing Entry of Final Judgment**

**I.  Background**

This matter is before the Court on Defendant Dr. Murat Polar's ("Dr. Polar") Motion for Summary Judgment. The Plaintiff, Gary A. Gibson ("Mr. Gibson"), is a state prisoner confined at the Plainfield Correctional Facility ("Plainfield"). Mr. Gibson alleges that Dr. Polar interfered with him obtaining medicine necessary for his heart condition, in violation of his rights under the Eighth Amendment.  Dr. Polar seeks resolution of the claim against him on the basis that Mr. Gibson failed to exhaust his available administrative remedies. Mr. Gibson has not opposed the motion for summary judgment. For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 19] must be **granted.**

**II.  Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there

is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), to demonstrate that Mr. Gibson failed to exhaust all available administrative remedies before he filed this suit.

The defendant's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Gibson on December 29, 2015. As noted, no response has been filed, and the deadline for doing so has passed. The consequence of Mr. Gibson's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion

#### A. Undisputed Facts

Applying the standards set forth above, Defendant has shown the following:

Mr. Gibson filed this action on June 30, 2015. He alleges that from January 5, 2015, until the date of his complaint, Dr. Polar interfered with him receiving heart medication in a timely manner.

Mr. Gibson was incarcerated at Plainfield during all relevant times. As an inmate incarcerated within the Indiana Department of Correction, Mr. Gibson had access to the Offender Grievance Process. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns related to their conditions of confinement. All offenders are made aware of the Offender Grievance Process during orientation. A copy of the Offender Grievance Process is also available in various locations within the prisons.

The grievance process begins with the offender contacting staff to discuss his concern and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance (Level I) to the prison official or staff designated to

accept grievances for his housing unit within five (5) business days of being informed that there will be no informal resolution and no later than twenty (20) working days from the date of the incident giving rise to the complaint. Prison staff shall forward the completed grievance form to the Executive Assistant (or his or her designee) for the facility.

If an offender does not receive either a receipt or a rejected form from the Executive Assistant responsible for reviewing grievances within seven (7) working days of submitting it, the offender shall immediately notify the Executive Assistant at the facility of that fact and the Executive Assistant shall investigate and respond to the offender's notification. The Executive Assistant has fifteen (15) working days from the date the Level I grievance form is received to complete an investigation and provide a response to the offender, unless the time has been extended.

If the Level I Grievance is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II Grievance Appeal) to the Department Offender Grievance Manager within ten (10) working days from the date of receipt of the grievance response. If the offender receives no grievance response within 25 working days of the day he submitted the grievance, he may appeal as though the grievance had been denied. In that event, the time to appeal begins on the 26th working day after the grievance was submitted and ends 10 working days later.

An inmate has not fully utilized or exhausted the Offender Grievance Process until he completes all three (3) steps of the grievance process.

The only grievance records at Plainfield related to Mr. Gibson's complaints of medical care for the time period covered in his complaint are the following:

1. An informal grievance dated February 5, 2015, in which Mr. Gibson complains that he did not receive needed medications for an 11-day period in January 2015. The response to the informal grievance, dated February 11, 2015, states that the grievance was

resolved by Mr. Gibson signing off on refills for his medication on January 23, 2015. On February 12, 2015, Mr. Gibson signed a disagreement with the resolution.

2.   An unnumbered Level I grievance form was dated March 19, 2015, with no informal grievance response noted, in which Mr. Gibson names "Corizon Medical Service" as responsible for not refilling his medications for a period of eleven days in January 2015.

3.   A letter from Mr. Gibson to Mr. Brian Smith, Superintendent of Plainfield, was dated April 29, 2015, in which Mr. Gibson states that he did not receive a response to his March 19, 2015, grievance.

There is no record in the OGRE Case Management System reflecting that while incarcerated at Plainfield, Mr. Gibson pursued any grievance relating to his medical care through the Level II appeal.

## B.  Analysis

The undisputed record reflects that Mr. Gibson submitted an informal grievance on February 5, 2015, stating that he did not timely receive certain medications he had ordered. Reviewing staff timely entered a response on February 11, 2015, stating that Mr. Gibson's informal grievance was resolved. Mr. Gibson signed the form on February 12, 2015, stating that he did not agree with the resolution. On March 19, 2015, he submitted a Level I grievance form, but to be timely, his grievance had to have been filed within five (5) business days of the disagreement with the informal resolution offered by staff. The Level I grievance form was not assigned a number, but in any event, it was untimely by more than three weeks. At this point, Mr. Gibson failed to comply with the Offender Grievance Process.

Mr. Gibson's letter to the Superintendent, dated April 29, 2015, complaining that he had not received a response to his Level I grievance was not timely nor sent to the proper person. In accordance with the Offender Grievance Process, if Mr. Gibson did not receive a receipt or a rejected form from the Executive Assistant within seven (7) working days of having submitting

his Level I grievance, he was required to immediately notify the Executive Assistant of that fact. In addition, if he did not receive response to his Level I grievance, he had the option to file a Level II appeal to the Department Offender Grievance Manager (between 26 and 35 working days after he submitted his Level I grievance), which he did not do.

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Mr. Gibson failed to complete the exhaustion process in the manner and within the time frames set forth in the exhaustion policy with respect to his claim against Dr. Polar in this action. Therefore, in light of 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the reasons explained above, the unopposed motion for summary judgment filed by Dr. Polar [dkt. 19] is **GRANTED.** Final judgment consistent with this Entry and with the Entry of July 27, 2015, shall now issue.

**IT IS SO ORDERED.**

Date: 2/25/2016

Distribution:

Gary A. Gibson
#934732
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Electronically registered counsel

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana